Filed 5/21/14  P. v. Shell CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>EDWARD V. SHELL,<br><br>    Defendant and Appellant. | D064433<br><br><br><br>(Super. Ct. No. SCD126559) |

APPEAL from an order of the Superior Court of San Diego County, David J. Danielsen, Judge.  Affirmed.

Appellate Defenders, Inc. and Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

This is an appeal from the denial of a request to have a three strikes sentence recalled pursuant to Penal Code[1] section 1170.126.

In 1997, Edward V. Shell was sentenced to an indeterminate term of 80 years-to-life following his conviction for four counts of robbery (§ 211) and one count of

_____

1       All statutory references are to the Penal Code unless otherwise noted.

attempted robbery (§§ 211 & 664). Shell was also found to have suffered seven serious/violent (strike) prior convictions (§ 667, subds. (b)-(i)) and one serious felony prior conviction (§ 667, subd. (a)).

In 2013, Shell filed a motion to recall his sentence under section 1170.126, which was denied by the trial court. Shell filed a timely notice of appeal.

Counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*) raising possible but not arguable appellate issues. We offered Shell the opportunity to file his own brief on appeal and he has done so. We will consider Shell's brief in the discussion.

## STATEMENT OF FACTS

There are no relevant facts to discuss in this appeal.

## DISCUSSION

Shell has filed several briefs and materials with the court following our invitation to file his own brief. Shell essentially contends his original sentence in 1997 was flawed because several of his strike priors were not convictions incurred by him. Rather he contends some of those prior convictions were suffered by someone else. Thus, he claims he is entitled to have his sentence recalled and that appellate counsel is ineffective for failing to raise the alleged 1997 sentencing error on this appeal.

Shell's 1997 convictions and true findings on prior convictions are long since final. The validity of those earlier court decisions were not before the trial court on the motion to recall the sentence and are not properly before this court. Rather Shell's remedy, if any, for alleged errors which are not part of the record in the instant case is by way of

2

petition for writ of habeas corpus filed in the trial court. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) Thus, we find no arguable appellate issues have been presented by the materials filed by Shell.

As we have previously noted, appellate counsel has filed a brief indicating he is unable to identify any argument for reversal and asks this court to review the record for error as mandated by *Wende, supra*, 25 Cal.3d 436. Pursuant to *Anders, supra*, 386 U.S. 738, the brief identifies the possible, but not arguable issue:

Whether the court erred in determining that Shell did not qualify for recall of his sentence under section 1170.126?

We have reviewed the entire record in accordance with *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738, and have not found any arguable appellate issue. Competent counsel has represented Shell on this appeal.

### DISPOSITION

The order denying Shell's petition to recall his sentence is affirmed.

 

 

HUFFMAN, J.

WE CONCUR:

 

McCONNELL, P. J.

 

AARON, J.

3